UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| KEVIN E. CORCORAN | : | DOCKET NO. 06-0386 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| BLUE CROSS BLUE SHIELD OF LOUISIANA | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM OPINION

Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of both parties, the above-captioned matter has been referred to the undersigned Magistrate Judge for the administration of proceedings and entry of judgment. The parties agreed to submit the matter for decision as a bench trial before the undersigned on the administrative record compiled by Blue Cross (*See*, July 7, 2006, Order).[1] Following the submission of memoranda, the matter is now before the court.

Kevin E. Corcorcan, filed the instant suit on February 16, 2006, in the Lake Charles City Court. The petition seeks recovery of $ 2,197.00, plus attorney's fees, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. due to Louisiana Health Service & Indemnity Co. d/b/a Blue Cross Blue Shield of Louisiana's ("Blue Cross") alleged wrongful denial of benefits under its health and welfare benefit plan. (Petition).

On March 9, 2006, Blue Cross removed the case to federal court on the basis of federal question jurisdiction. 28 U.S.C. §§ 1441 & 1331. Indeed, on the face of his complaint, plaintiff

---

[1] The administrative record was filed with the court on July 17, 2006.

seeks recovery pursuant to federal law. (Petition, ¶ III). Accordingly, we properly exercise removal and original subject matter jurisdiction. *See*, *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998). Venue is proper in the Western District of Louisiana. 28 U.S.C. § 1391.

## Findings of Fact[2]

Effective October 1, 2001, Central Crude, Inc. established a group healthcare benefit plan with Blue Cross on behalf of its employees. (*See*, Comprehensive Medical Benefit Plan). Effective October 1, 2004, the plan was amended and re-issued to Central Crude, Inc. as the Blue Cross and Blue Shield of Louisiana Group Insurance Plan ("the Plan"). *Id*. All parties agree that the subject healthcare plan is an ERISA plan and that plaintiff's claims arise under ERISA. (*See*, May 18, 2006, Trial Fixing Order). The parties do not dispute that Kevin Corcoran, as an employee of Central Crude, was a participant in the plan. (*See*, Employee Application for Group Coverage).

The parties agree that in 2003, plaintiff, Kevin Corcoran, underwent treatment for cancer of the neck and throat. (Pl. Memo, pg. 1; Def. Memo., pg. 2). The treatment was covered under the Plan. *Id*. However, it is uncontroverted that the cancer radiation treatment caused a decrease in Corcoran's salivary flow and PH level, with ensuing cavities and painful mouth sores. (Kenneth Parks, D.D.S., 12/29/04 Letter, Admin. Record). As a result, from April 2004 until January 2005, Corcoran was seen by Kenneth Parks, DDS, for endodontic treatment including an

---

[2] All evidence is contained in the administrative record attached *in globo* to plaintiff's memorandum of authorities.

examination, x-rays, multiple root canals, and crowns. (*See*, Explanation of Benefits forms).[3]

The charges for these visits totaled $ 2,197.00. *Id*. The claims were submitted to Blue Cross for payment, but were denied. *Id*.

Corcoran appealed the denial of benefits through at least two administrative levels. Yet, Blue Cross upheld the denials stating that dental services were excluded from coverage under the Plan. (*See*, May 24, 2005, Appeals Committee Letter; April 4, 2005, appeals letter). Specifically, Blue Cross cited paragraph 42 of Article XVIII ("Limitations and Exclusions"). *Id*. Relevant Plan provisions include:

> A. Services, supplies and treatment for services that are not covered under this Benefit Plan and complications from services, supplies and treatments that are not covered under this Benefit Plan are excluded.
>
> B. Any of the limitations and exclusions listed in this Benefit Plan may be deleted or limited as shown in the Schedule of Benefits. Unless otherwise shown as covered in the Schedule of Benefits, the following are not covered, REGARDLESS OF CLAIM OF MEDICAL NECESSITY:
> \*       \*       \*
> 6.    Services or supplies other than those specifically listed as covered by this Benefit Plan.
> \*       \*       \*
> 42.   Dental Care and Treatment and dental appliances except as specified in this Benefit Plan under Oral Surgery Benefits.[4]

---

[3] Although some of plaintiff's treatment occurred prior to the effective date of the amended Plan, neither side addresses this issue or otherwise contends that it materially affects the instant analysis.

[4] Dental Care and Treatment is defined as:

[a]ll procedures, treatment, and Surgery considered to be within the scope of the practice of dentistry, which is defined as that practice in which a person:
A.    represents himself/herself as being able to diagnose, treat, correct, operate, or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the human teeth, alveolar process, gums, or jaws or associated parts and offers or undertakes by certain means to diagnose, treat correct,

3

Plan, Article XVIII, in pertinent part (emphasis in original).

Plaintiff concedes that the dental work at issue here is not covered under the Plan's Oral Surgery Benefits. (Pl. Memo., pg. 4). Instead, plaintiff contends that his dental treatment is related to a complication stemming from treatment of a covered condition, cancer. (*Id*. at pg. 3). Because dental treatment due to a complication from a covered condition is not specifically excluded under the Plan, plaintiff concludes that his dental treatment must be covered.[5]

Insofar as these findings of fact also constitute conclusions of law, they are adopted as such.

## Conclusions of Law

"ERISA was enacted 'to promote the interests of employees and their beneficiaries in employee benefit plans' and 'to protect contractually defined benefits.'" *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 393 (5th Cir. 1998)(citation omitted). To achieve these goals, ERISA requires every employee welfare benefit plan to,

> operate, or prescribe for any disease, pain, injury, deficiency, or physical condition of the same;
>
> B.    takes impressions of the human teeth or jaws or performs any phase of any operation incident to the replacement of a tooth or part of a tooth or associated tissues by means of a filling, crown, denture, or other appliance; or
>
> C.    furnishes, supplies, constructs, reproduces, or repairs or offers to furnish, supply, construct, reproduce, or repair prosthetic dentures, bridges, or other substitute for natural teeth to the user or prospective user.

Plan, Article I.

---

[5] Plaintiff argues that because the Plan excludes coverage for complications from services, supplies and treatment for services that are *not covered* under the Plan, the Plan, if it so intended, could have specifically excluded coverage for complications from *covered* services, supplies, and treatment. *See*, Plan, Article XVIII, ¶ A.

4

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

When deciding whether to pay or deny benefits, a plan administrator must make two general types of determinations: "[f]irst, he must determine the facts underlying the claim for benefits. . . . Second, he must then determine whether those facts constitute a claim to be honored under the *terms* of the plan." *Schadler*, 147 F.3d at 394 (citation omitted)(emphasis in original). If a plan participant has been denied benefits, then ERISA permits a claimant to bring suit in federal court "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B).

"An administrator's denial of benefits under an ERISA plan is 'reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Lain v. UNUM Life Ins. Co. of America*, 279 F.3d 337, 342 (5th Cir. 2002)(quoting, *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). On the other hand, if the plan grants authority to the administrator to make a final and conclusive determination of the claim, then the plan administrator's decision is reviewed under an abuse of discretion or "arbitrary and capricious" standard. *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5th Cir. 1994).

Here, Blue Cross retained "full discretionary authority to determine eligibility for Benefits

and/or to construe the terms of the Benefit Plan." (Plan; Article XXIV, ¶ 4).[6] Accordingly, we apply an abuse of discretion standard. In other words, we accord deference to the administrator's decision. *Vega v. Nat. Life Ins. Services, Inc.*, 188 F.3d 287, 302, (5th Cir. 1999)(*en banc*). However, the amount of deference will decrease "the more the administrator labors under an apparent conflict of interest." *Id*.

Corcoran argues that because Blue Cross is both the insurer and plan administrator, it suffers a conflict of interest which lessens the degree of deference owed to the administrator's decision. (Pl. Memo., pg. 3). However, plaintiff does not cite any record evidence to support these assertions. Indeed, there is no presumption that a conflict exists merely because an entity is both the insurer and plan administrator. *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, fn. 18 (5th Cir. 2004). Rather, a reduction of deference depends upon evidence adduced by plaintiff. *Id*. In the absence of such evidence, we accord full discretion to the administrator's decision.[7]

The abuse of discretion standard involves a two-step inquiry. *Pickrom v. Belger Cartage Service, Inc.*, 57 F.3d 468, 471 (5th Cir. 1995). First, a court must determine the plan's legally correct interpretation. *Chevron Chemical Co., v. Workers Union 4-447*, 47 F.3d 139, 145 (5th Cir. 1995). If the administrator's interpretation was not the legally correct interpretation, then the court must determine whether the administrator's decision was an abuse of discretion. *Id*. In

---

[6] No "magic phrase" or incantation is required to confer the plan administrator with discretionary authority. *Haubold v. Intermedics, Inc.*, 11 F.3d 1333, 1337 (5th Cir. 1994)(the exercise of "sound judgment" is sufficient to confer discretionary authority).

[7] Even if we were to apply a less deferential standard of review, we would reach the same result below.

determining whether the administrator's decision was legally correct we consider: 1) whether the administrator's interpretation is consistent with a fair reading of the plan; 2) whether the administrator has given the plan a uniform construction; and 3) whether different interpretations result in any unanticipated costs to the plan. *Chevron*, 47 F.3d at 145.

Regarding the first factor, we find that the administrator's decision is consistent with a fair reading of the plan. Plaintiff argues that Paragraph A of Article XVIII does not exclude complications from covered services and treatment. While correct, this argument overlooks the additional exclusions listed under Paragraph B. Specifically, Paragraph B(42) of Article XVIII states in no uncertain terms that dental care and treatment and dental appliances are not covered under the Plan.[8] It is manifest that the denied claims comprise "dental care and treatment" as defined under the Plan. (Plan, Article I). Furthermore, Paragraph B(6) of Article XVIII states that there is no coverage for services or supplies other than those specifically listed as covered under the Plan.[9] Yet, plaintiff has not identified any Plan provisions that extend coverage to complications due to cancer treatment.

As to the second consideration, we observe that there is no evidence in the record addressing whether the plan administrator has accorded the Plan a uniform construction.[10]

---

[8] Except as specified under Oral Surgery Benefits, which plaintiff concedes is inapplicable.

[9] We note that some sections of Paragraph B (*e.g.*, 34 & 43) specifically exclude coverage for services, surgery, supplies, or treatment related to, or *complications* from certain procedures. However, the specific exclusion of complications is used when the Plan excludes conditions or procedures that are conceivably covered under other sections of the Plan. Except for a narrow inapplicable exception, dental work is not covered elsewhere in the Plan.

[10] In his memorandum, plaintiff states that in late 2005, the Plan provided coverage for the extraction of his teeth, and the surgical installation of implants. (*See*, Pl. Memo., pg. 2). Yet,

7

Accordingly, we look to the remaining factor(s). *Atteberry v. Memorial-Hermann Healthcare Systems ex rel. Atteberry*, 405 F.3d 344, 349 (5th Cir. 2005).

The parties did not submit any evidence of any unanticipated costs to the Plan due to different interpretations. However, if the Plan were required to pay claims for dental treatment it likely would result in unanticipated costs to the plan. *See, Ellis, supra.*

In sum, having considered the relevant factors, the undersigned concludes that Blue Cross's interpretation of the plan was legally correct and that there was no abuse of discretion.[11]

Plaintiff has also requested attorney's fees. Under ERISA, "the court in its discretion may allow a reasonable attorneys' fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).[12] In deciding whether to award attorneys' fees, the court must consider the following five factors:

1. The degree of the opposing parties' culpability or bad faith;
2. The ability of the opposing parties to satisfy an award of attorneys' fees;
3. Whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances;
4. Whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

---

no evidence was adduced to support this assertion. Moreover, because this latest procedure apparently involved surgery, the plan administrator may have generously allowed it under the Oral Surgery Benefits provision in Article XIII of the Plan.

[11] We need not address whether the administrator's decision was an abuse of discretion. However, for the sake of completeness, we briefly observe that neither side has identified any relevant regulations applicable to this determination. Moreover, there are no inferences of lack of good faith. Finally, the plan administrator's interpretation does not materially detract from the internal consistency of the Plan. *See*, discussion, *supra*; *Batchelor v. International Broth. of Elec. Workers Local 861 Pension and Retirement Fund*, 877 F.2d 441, 445 (5th Cir.1989); *Lain, supra.*

[12] There is no requirement that a party prevail as a prerequisite to seeking attorney fees. *Gibbs v. Gibbs*, 210 F.3d 491, 503 (5th Cir. 2000).

5. The relative merits of the parties' position.

*Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir. 1995) (citing, *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)).

Having duly considered the relevant factors, the undersigned finds that plaintiff is not entitled to an award of attorney's fees.

Judgment will be entered in favor of defendant, dismissing plaintiff's claims in their entirety. All assessable court costs shall be borne by plaintiff.

Insofar as these conclusions of law also constitute findings of fact, they are adopted as such.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 11, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE